**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**
Case No. 1:25-cv-06518-TRJ

ANGELA JEAN TALBERT,

Plaintiff,

v.

Yiwu Fange E-Commerce Firm, et al.,

Defendants.

_____/

## ANSWER TO COMPLAINT

Defendant BooYou, SumMax and GodBal (identified as Doe #200, 214 and 227), by and through the undersigned, hereby answer the Complaint as follows:

## SUMMARY OF THE ACTION

1.    Plaintiff Talbert brings this action against the Defendants for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, or use, including by electronic means, of Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. § 501, for removal of copyright management information pursuant to 17 U.S.C. § 1202, and for all the remedies available under 17 U.S.C. §§ 101, *et seq.*,

and 1203, and The All Writs Act, 28 U.S.C. § 1651(a).

**Response: Denied.**

2.      Plaintiff Talbert brings this action against the Defendants for false designation of origin, common law trademark infringement, and common law unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a) and Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*, and for all remedies available under 15 U.S.C. §§ 1114(2) and 1116, and The All Writs Act, 28 U.S.C. § 1651(a).

**Response: Denied.**

## SUBJECT MATTER JURISDICTION

3.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

**Response: Admitted.**

4.      This Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 17 U.S.C. §§ 501 and 1202.

**Response: Admitted.**

5.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims because those claims are so related to the

federal claims that they form part of the same case or controversy.

**Response: Denied.**

## PERSONAL JURISDICTION

6.     Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Georgia and this district, through at least the internet-based e-commerce stores accessible in Georgia and operating under their IDs.

**Response: Denied.**

7.     Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of Georgia cause Plaintiff injury in Georgia, and Plaintiff's claims arise out of those activities.

**Response: Denied.**

8.     Georgia's long arm statute, O.C.G.A. § 9-10-91, provides in pertinent part that a court of this State may exercise personal jurisdiction over any nonresident if he: (1) Transacts any business within this state; (2) Commits a tortious act or omission within this state; [or] (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tortfeasor regularly does or solicits business, or engages in any

other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

**Response: Denied.**

9.      This Court has personal jurisdiction over Defendants pursuant to subsections (1), (2), and (3) of the Georgia long arm statute because: Defendants have expressly aimed the tortious activities complained of toward the State of Georgia and established sufficient minimum contacts with Georgia, by among other things, advertising and selling infringing and counterfeit products to consumers within Georgia through one or more highly interactive commercial websites with the knowledge that Plaintiff is harmed in Georgia as a result of Defendants' sales of infringing Plaintiff's products to Georgia residents.

**Response: Denied.**

10.      Plaintiff's claims arise out of Defendants' advertisement and sales of infringing Plaintiff's products to Georgia residents.

**Response: Denied.**

11.      Defendants, through their online storefronts and marketplace listings accept and fulfill orders from Georgia residents for products bearing or using Plaintiff's copyrights and trademarks to persons located in Georgia.

**Response: Denied.**

12.    Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

**Response: Denied.**

## **VENUE**

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are not residents in the United States and therefore there is no district in which an action may otherwise be brought. Defendants are thus subject to the Court's personal jurisdiction.

**Response: Denied.**

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

**Response: Denied.**

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a)

because Defendants or their agents reside or may be found in this judicial district and therefore subject to the Court's personal jurisdiction.

**Response: Denied.**

## THE PLAINTIFF

16.    Angela Jean Talbert is a Vermont based designer and metalworker who, in 2015, founded Angela Jean Designs, a one-woman studio specializing in handcrafted botanical jewelry and metalwork.

**Response: Denied for lack of knowledge.**

17.    Talbert draws creative inspiration from her background in botany, herbal medicine, and natural landscapes of Vermont, with her designs reflecting these influences through intricate, nature-inspired forms. Each jewelry piece is an original design and is hand fabricated with care in Vermont.

18.    Talbert's products are sold through her own website at https://www.angelajeandesigns.com/ and her store on Etsy.com at https://www.etsy.com/shop/AngelaJeanDesigns.

**Response: Denied for lack of knowledge.**

19.    Talbert owns the copyrights and trademarks described below that are the subject of this action.

**Response: Denied for lack of knowledge.**

20.    Plaintiff offers for sale and sells it products within the state of Georgia, including this district, and throughout the United States.

**Response: Denied for lack of knowledge.**

21.    Like many other intellectual property rights owners, Plaintiff suffers ongoing daily and sustained violations of it intellectual property rights at the hands of counterfeiters and infringers, such as Defendants herein.

**Response: Denied for lack of knowledge.**

22.    Plaintiff is harmed, the consuming public is duped and confused, and the Defendants earn substantial profits in connection with the infringing conduct.

**Response: Denied for lack of knowledge.**

23.    In order to combat the harm caused by the combined actions of Defendants and others engaging in similar infringing conduct, Plaintiff, expends significant resources in connection with it intellectual property enforcement efforts, including legal fees and investigative fees.

**Response: Denied for lack of knowledge.**

24.    The persistent rise in infringements on the Internet has created an environment that requires companies and creators like

Plaintiff to expend significant time and money across a wide spectrum of efforts in order to protect both consumers, and herself from the ill effects of infringement of Plaintiff's intellectual property rights, including consumer confusion and the erosion of Plaintiff's brand.

**Response: Denied for lack of knowledge.**

## PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS

### A. PLAINTIFF'S COPYRIGHT RIGHTS

25.    Plaintiff advertises, markets, promotes, and sells her products using photographs that are protected by copyright and registered with the United States Copyright Office (collectively the "Copyrighted Photographs"). Samples of some of Plaintiff's Copyrighted Photographs featuring Plaintiff's high-quality artisan and handcrafted jewelry are shown below.

**"Angela Jean Designs 2023"**





**Response: Denied for lack of knowledge.**

26.    Plaintiff's photographs are duly registered with the Register of Copyrights as a group of 103 published photographs titled "Angela Jean Designs 2023" on May 16, 2025, under the registration number VA 2-445-736. True and correct copies of Copyright Certificate of Registration and the 33 photographs being infringed by Defendants, "AJD-01", "AJD-02", "AJD-03", "AJD-04", "AJD-05", "AJD-06", "AJD-07", "AJD-08", "AJD-09", "AJD-10", "AJD-11", "AJD-12", "AJD-13", "AJD-14", "AJD-15", "AJD-16", "AJD-17", "AJD-20", "AJD-21", "AJD-22", "AJD-23", "AJD-24", "AJD-27", "AJD-28", "AJD-29", "AJD-30", "AJD-31", "AJD-37", "AJD-58", "AJD-72",

"AJD-80", "AJD-102", and "AJD-103" are attached hereto as **Composite Exhibit 1**.

    **Response: Denied for lack of knowledge.**

27.    Plaintiff's genuine goods are widely legitimately advertised and promoted by Plaintiff using her Copyrighted Photographs.

    **Response: Denied for lack of knowledge.**

28.    Plaintiff has never granted authorization to anyone to advertise, market, or promote unauthorized goods using Plaintiff's Copyrighted Photographs.

    **Response: Denied for lack of knowledge.**

<u>**PLAINTIFF'S TRADEMARK RIGHTS**</u>

29.    Plaintiff manufactures and sells high-quality artisan and handcrafted jewelry under two marks that have been in use in U.S. commerce since 2016 and are currently pending registration with the United States Patent and Trademark Office (USPTO): ANGELA JEAN DESIGNS (Standard Character) and ANGELA JEAN (Stylized Signature) as shown in the table below (collectively the "ANGELA JEAN Marks").

| Mark | IC | First Use/ First Use in Commerce | App. No. | App. Date | Exhibit |
|------|-----|------|------|------|------|
| ANGELA JEAN DESIGNS (Standard Character) | 14 & 35 | 07/01/2016 | 99415075 | 09/26/2025 | 2A |
| ANGELA JEAN (Stylized Signature)  | 14 & 35 | 12/11/2016 | 99415083 | 09/26/2025 | 2B |

**Response: Denied for lack of knowledge.**

30.    The ANGELA JEAN Marks have been consistently used by Plaintiff in connection with her high-quality artisan and handcrafted

jewelry since 2016, through Plaintiff's website, store at Etsy.com and gallery displays. Evidence of actual use in commerce of the ANGELA JEAN Marks was submitted as part of the trademark applications with the USPTO. True and correct copies of the trademark applications are attached hereto as **Composite Exhibit 2.**

**Response: Denied for lack of knowledge.**

31.    The ANGELA JEAN Marks are displayed on Plaintiff's website and store at Etsy.com, on Plaintiff's actual products, and the products' packaging. Shown below are the ANGELA JEAN Marks as used on Plaintiff's products and in connection with Plaintiff's retail services.











**Response: Denied for lack of knowledge.**

32.     Although   the   ANGELA   JEAN   Marks   are   still   pending
registration in the United States, they are inherently distinctive and strong
marks. The literal elements of both marks consist of Plaintiff's first and
middle names, Angela Jean, and in one of the marks, these names appear
in a stylized format that corresponds to Plaintiff's signature, establishing

a direct connection to her identity, artistic personality, and the unique jewelry pieces she creates.

**Response: Denied for lack of knowledge.**

33.    The combination of the literal elements, whether alone or with the stylized format, renders the ANGELA JEAN Marks arbitrary or fanciful in relation to "jewelry; custom jewelry" and "on-line retail store services featuring jewelry and custom jewelry; retail store services featuring jewelry and custom jewelry", products and services under International Classes 14 and 35, respectively, which are created, sold, and provided by the Plaintiff under these marks. Their distinctiveness and actual prior use in commerce establish ownership rights and support their entitlement to trademark protection, including all available legal actions and remedies, against unlawful and unauthorized uses such as those committed by the Defendants and described in this action.

**Response: Denied for lack of knowledge.**

34.    The ANGELA JEAN Marks are used in connection with the manufacture and distribution of Plaintiff's high-quality artisan and handcrafted jewelry.

**Response: Denied for lack of knowledge.**

35.    The ANGELA JEAN Marks have been used in interstate

commerce by Plaintiff to identify and distinguish her high-quality artisan and handcrafted jewelry for an extended period long prior in time to Defendants' use and misuse of those trademarks.

**Response: Denied for lack of knowledge.**

36.    The ANGELA JEAN Marks have never been assigned or licensed to the Defendants.

37.    The ANGELA JEAN Marks are a symbol of Plaintiff's quality goods, reputation and goodwill and have never been abandoned.

**Response: Denied for lack of knowledge.**

38.    Plaintiff has carefully monitored and policed the use of the ANGELA JEAN Marks.

**Response: Denied for lack of knowledge.**

39.    Plaintiff has expended substantial time other resources developing, advertising and otherwise promoting the ANGELA JEAN Marks in connection with her high-quality artisan and handcrafted jewelry. Plaintiff's Copyrighted Photographs are a product of those promotional efforts.

**Response: Denied for lack of knowledge.**

40.    In recent years, annual sales of Plaintiff's high-quality artisan and handcrafted jewelry bearing or using the ANGELA JEAN Marks

have exceeded many thousands of dollars within the United States.

**Response: Denied for lack of knowledge.**

41.    As a result of Plaintiff's efforts, members of the consuming public readily identify merchandise bearing or sold under the ANGELA JEAN Marks as high-quality artisan and handcrafted jewelry sponsored and approved by Plaintiff.

**Response: Denied for lack of knowledge.**

42.    Accordingly, the ANGELA JEAN Marks have achieved secondary meaning as identifiers of high-quality artisan and handcrafted jewelry.

**Response: Denied for lack of knowledge.**

43.    Genuine high-quality artisan and handcrafted jewelry bearing or using the ANGELA JEAN Marks are widely legitimately advertised and promoted by Plaintiff via the Internet.

**Response: Denied for lack of knowledge.**

44.    Visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing, has become increasingly important to Plaintiff's overall marketing and consumer education efforts.

**Response: Denied for lack of knowledge.**

45.    Thus, Plaintiff expends significant time and other resources on

Internet marketing and consumer education, including search engine optimization ("SEO") strategies.

**Response: Denied for lack of knowledge.**

46.    Plaintiff's SEO strategies allow Plaintiff to fairly and legitimately educate consumers about the value associated with Plaintiff's products and the goods marked with the ANGELA JEAN Marks.

**Response: Denied for lack of knowledge.**

## DEFENDANTS

47.    Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

**Response: Denied.**

48.    Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.

**Response: Denied.**

49.    Defendants are engaged in business in Georgia but have not appointed an agent for service of process.

**Response: Denied.**

50.    Upon information and belief, Defendants have registered, established or purchased, and maintained their Seller IDs.

**Response: Denied.**

51.    Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of commercial Internet based e-commerce stores via the Internet marketplace websites under the Seller IDs.

**Response: Denied.**

52.    Defendants are the past and present controlling forces behind the sale of products bearing or using infringements of Plaintiff's intellectual property rights as described herein operating and using at least the Seller IDs.

**Response: Denied.**

53.    Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods bearing or using infringements of Plaintiff's intellectual property rights to consumers within the United States and this district through Internet based e-

commerce stores using, at least, the Seller IDs and additional names, websites, or seller identification aliases not yet known to Plaintiff.

**Response: Denied.**

54.    Defendants have purposefully directed some portion of their illegal activities towards consumers in the state of Georgia through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing goods into the State.

**Response: Denied.**

55.    Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms or domain registrar where they offer to sell and/or sell during the registration or maintenance process related to their respective Seller IDs.

**Response: Denied.**

56.    Upon information and belief, many Defendants registered and maintained their Seller IDs for the sole purpose of engaging in illegal infringing activities.

**Response: Denied.**

57.    Upon information and belief, Defendants will likely continue

to register or acquire new seller identification aliases for the purpose of selling and offering for sale infringements of Plaintiff's intellectual property rights unless preliminarily and permanently enjoined.

**Response: Denied.**

58.    Defendants use their Internet-based businesses to infringe the intellectual property rights of Plaintiff and others.

**Response: Denied.**

59.    Defendants use their Internet-based businesses to infringe the intellectual property rights of Plaintiff and others.

**Response: Denied.**

## **JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER**

60.    Defendants are the individuals, partnerships, and unincorporated associations set forth on Exhibit A hereto.

**Response: Denied.**

61.    Defendants are promoting, selling, offering for sale and distributing goods bearing or using infringements and confusingly similar imitations of Plaintiff's intellectual property within this district.

**Response: Denied.**

62.    Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. Civ. P. 20(a)(2) that permits the joinder of

persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in the action.

**Response: Denied.**

63.    Joinder of the multiple Defendants is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

**Response: Denied.**

64.    Joinder of the multiple Defendants serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiff, Defendants, and this Court.

**Response: Denied.**

65.    Joinder of the multiple Defendants will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

**Response: Denied.**

66.     Joinder of the multiple Defendants listed is procedural only and does not affect the substantive rights of any Defendant listed on Exhibit A hereto.

**Response: Denied.**

67.     This Court has jurisdiction over the multiple Defendants listed on Exhibit A hereto. Venue is proper in this Court for this dispute involving the multiple Defendants listed on Exhibit A.

**Response: Denied.**

68.     Plaintiff's claims against the multiple Defendants listed on Exhibit A are all transactionally related.

69.     Plaintiff is claiming infringement of her intellectual property rights against Defendants.

**Response: Denied.**

70.     The actions of all Defendants cause indivisible harm to Plaintiff by Defendants' combined actions engaging in similar infringing conduct when each is compared to the others.

**Response: Denied.**

71.     All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online

storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

**Response: Denied.**

72.    All Defendants are located in foreign jurisdictions, mostly China. Response: Admitted.

73.    All Defendants undertake efforts to conceal their true identities from Plaintiff in order to avoid detection for their illegal and infringing activities.

**Response: Denied.**

74.    All Defendants have the same or closely related sources for their counterfeit and infringing products with some sourcing from the same upstream source and others sourcing from downstream sources who obtain infringing products from the same upstream sources.

**Response: Denied.**

75.    All Defendants take advantage of a set of circumstances the anonymity and mass reach the internet affords to sell Infringing Goods across international borders and violate Plaintiff's intellectual property rights with impunity.

**Response: Denied.**

76.    All Defendants have registered their Seller IDs with a small number of online platforms for the purpose of engaging in illegal and infringing activity.

**Response: Denied.**

77.    All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

**Response: Denied.**

78.    All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their infringing activities.

**Response: Denied.**

79.    All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the

event that the Plaintiff's anti-counterfeiting and anti-pirating efforts are discovered, or Plaintiff obtains a monetary award.

**Response: Denied.**

80.    All Defendants violated one or more of the Plaintiff's intellectual property rights in the United States by the use of common or identical methods.

**Response: Denied.**

81.    All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

**Response: Denied.**

82.    Many of the Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs listed on Exhibit

A. As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

**Response: Denied.**

83.    Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

**Response: Denied.**

84.    Defendants are using infringements of Plaintiff's intellectual property rights to drive Internet consumer traffic to their e-commerce

stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

**Response: Denied.**

85.    Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests in the state of Georgia and causing Plaintiff harm and damage within this jurisdiction.

**Response: Denied.**

86.    The natural and intended by product of Defendants' logically related actions is the erosion and destruction of the goodwill associated with Plaintiff's intellectual property rights and the destruction of the legitimate market sector in which it operates.

**Response: Denied.**

87.    Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

**Response: Denied.**

## DEFENDANTS' INFRINGING ACTIVITIES

88.    Defendants are promoting, advertising, distributing, selling, and/or offering for sale cheap copies of Plaintiff's products in interstate commerce that are infringements of Plaintiff's intellectual property rights (the "Infringing Goods") through at least the Internet based e-commerce stores operating under the Seller IDs.

**Response: Denied.**

89.    Specifically, Defendants are using infringements of the Copyrighted Photographs and the ANGELA JEAN Marks to initially attract online customers and drive them to Defendants' e-commerce stores operating under the Seller IDs.

**Response: Denied.**

90.    Plaintiff has used the Copyrighted Photographs and the ANGELA JEAN Marks extensively and continuously before Defendants began offering goods bearing or using unauthorized reproductions or derivative works of one or more of Plaintiff's Copyrighted Photographs with identical or confusingly similar marks to one or more of the ANGELA JEAN Marks.

**Response: Denied.**

91.    Defendants are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial

quantities of their Infringing Goods without authority to use Plaintiff's Copyrighted Photographs and the ANGELA JEAN Marks.

**Response: Denied.**

92.    Defendants are using Plaintiff's own Copyrighted Photographs to promote, sell, and offer for sale Defendants' Infringing Goods.

**Response: Denied.**

93.    Defendants advertise their e-commerce stores, including their Infringing Goods offered for sale, to the consuming public via e-commerce stores on, at least, one Internet marketplace website operating under, at least, the Seller IDs.

**Response: Denied.**

94.    In so advertising their stores and products, Defendants improperly and unlawfully use the reproductions or versions of the Copyrighted Photographs, or derivatives thereof, and unlawfully use identical or confusingly similar marks to one or more of the ANGELA JEAN Marks, without Plaintiff's permission.

**Response: Denied.**

95.    As part of their overall infringement scheme, most Defendants are, upon information and belief, concurrently employing and benefitting

from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of infringements of the Copyrighted Photographs and the ANGELA JEAN Marks.

**Response: Denied.**

96.    Specifically, Defendants are using infringements of the Copyrighted Photographs and the ANGELA JEAN Marks in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers searching for both Plaintiff's goods and goods sold by Plaintiff's competitors online.

**Response: Denied.**

97.    By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods.

**Response: Denied.**

98.    Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with Plaintiff's business and her intellectual

property assets, and (iii) increasing Plaintiff's overall cost to market her goods and educate consumers via the Internet.

**Response: Denied.**

99.   Defendants are concurrently conducting and targeting their infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.

**Response: Denied.**

100.   As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

**Response: Denied.**

101.   Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Copyright Photographs and the ANGELA JEAN Marks, including her exclusive right to use and license such intellectual property and the goodwill associated therewith.

**Response: Denied.**

102.   Defendants use of the Copyright Photographs and the ANGELA JEAN Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Plaintiff's consent or

authorization.

**Response: Denied.**

103.   Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights.

**Response: Denied.**

104.   If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

**Response: Denied.**

105.   Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

**Response: Denied.**

106.   Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiff's genuine goods and Defendants' Infringing Goods, when in fact no such connection exists.

107.   Defendants' payment and financial accounts, including but not

limited to those specifically set forth on Exhibit A, are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing, and their unfairly competitive activities connected to their Seller IDs and any other alias,  e-commerce stores, or seller identification names being used and/or controlled by them.

**Response: Denied.**

108.   Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff.

**Response: Denied.**

109.   Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities, and their wrongful use of Plaintiff's intellectual property rights.

**Response: Denied.**

110.   The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Goods.

**Response: Denied.**

111.   Defendants have sold their infringing products in competition directly with Plaintiff's genuine products.

**Response: Denied.**

112.  Plaintiff should not have any competition from Defendants because Plaintiff never authorized Defendants to use Plaintiff's Copyright Photographs or the ANGELA JEAN Marks.

**Response: Denied.**

113.    Plaintiff has no adequate remedy at law.

**Response: Denied.**

## COUNT I – COPYRIGHT INFRINGEMENT

114.  Plaintiff incorporates the allegations of paragraphs 1 through 113 of this Complaint as if fully set forth herein.

**Response: Denied.**

115.  Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the Copyrighted Photographs at issue in this action.

**Response: Denied.**

116.  Pursuant to 17 U.S.C. § 411(a), Plaintiff registered the Copyrighted Photographs.

**Response: Denied.**

117.  Defendants directly infringed Plaintiff's exclusive rights

in her copyright registered photographs under 17 U.S.C. § 106.

**Response: Denied.**

118. Defendants copied, displayed, and distributed Plaintiff's Copyrighted Photographs and/or prepared derivative works based upon Plaintiff's Copyrighted Photographs in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106(1),

(2) and/or (5).

**Response: Denied.**

119. Defendants' conduct constitutes willful and direct copyright infringement of Plaintiff's Copyrighted Photographs.

**Response: Denied.**

120. Defendants profited from the direct infringement of the exclusive rights of Plaintiff in the Copyrighted Photographs at issue in this case under the Copyright Act.

**Response: Denied.**

121. Defendants' infringement is not limited to the copyright infringement listed above. Plaintiff will identify such additional infringement after discovery.

**Response: Denied.**

122. On information and belief, there is a business practice of

infringement by Defendants.

**Response: Denied.**

123.   On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

**Response: Denied.**

124.   Plaintiff has been damaged by the infringements.

**Response: Denied.**

125.   The harm to Plaintiff is irreparable.

**Response: Denied.**

126.   Plaintiff is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

**Response: Denied.**

127.   Plaintiff is entitled to recover his actual damages and/or statutory damages, at his election.

**Response: Denied.**

## COUNT II – REMOVAL OR FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION

128.   Plaintiff incorporates the allegations of paragraphs 1 through

113 of this Amended Complaint as if fully set forth herein.

**Response: Denied.**

129. The Copyrighted Photographs contain copyright management information (CMI) as defined by 17 U.S.C. § 1202 in the form of Plaintiff's signature clearly spelling out her name ANGELA JEAN and other identifying information for the work and Plaintiff, as shown below.

**Response: Denied.**

130. Defendants knowingly and with the intent to enable or facilitate copyright infringement removed and failed to display CMI in the Copyrighted Photographs or distributed the works knowing that the CMI had been removed, in violation of 17 U.S.C. § 1202(b). A representative sample of Defendants' removal or failure to display CMI in the Copyrighted Photographs is included below.

| **Plaintiff's Copyrighted Photograph "AJD-28"** | **Defendant MuYangHuanBao's Image (Amazon seller listed under No. 135 on Exhibit A)** |
|---|---|
| |  |

**Response: Denied.**

131.  Alternatively, Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false.

**Response: Denied.**

132.  Defendants committed these acts knowing or having reasonable

grounds to know that they will induce, enable, facilitate or conceal infringement of Plaintiff's rights in the works at issue in this action protected under the Copyright Act.

**Response: Denied.**

133. Defendants caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Plaintiff's rights in the works at issue in this action protected under the Copyright Act.

**Response: Denied.**

134. Plaintiff has been damaged.

**Response: Denied.**

135. The harm caused to Plaintiff has been irreparable.

**Response: Denied.**

## <u>COUNT III – FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))</u>

136. Plaintiff incorporates the allegations of paragraphs 1 through 113 of this Complaint as if fully set forth herein.

**Response: Denied.**

137. Defendants' Infringing Goods bearing, offered for sale, and sold using copies of at least one of the ANGELA JEAN Marks have been

widely advertised and offered for sale throughout the United States via their Internet based e-commerce stores.

**Response: Denied.**

138.   Defendants' Infringing Goods bearing, offered for sale, and sold using copies of at least one of the ANGELA JEAN Marks are virtually identical in appearance to Plaintiff's genuine goods.

**Response: Denied.**

139.     Defendants used Plaintiff's own Copyrighted Photographs, which

feature Plaintiff's ANGELA JEAN-branded products, to promote, sell, and offer for sale their Infringing Goods.

**Response: Denied.**

140.   Defendants removed Plaintiff's name and trademarks from Plaintiff's Copyrighted Photographs and used these altered photographs to sell their Infringing Goods.

**Response: Denied.**

141.   Defendants' Infringing Goods are different in quality from Plaintiff's goods and are of much lower quality.

**Response: Denied.**

142.   Defendants' activities are likely to cause confusion in the trade

and among the general public as to at least the origin or sponsorship of their Infringing Goods.

**Response: Denied.**

143.  Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Infringing Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiff's detriment.

**Response: Denied.**

144.  Defendants have authorized infringing uses of the ANGELA JEAN Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.

**Response: Denied.**

145.  Defendants have misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing goods.

**Response: Denied.**

146.    Defendants are using infringements of the ANGELA JEAN Marks in order to unfairly compete with Plaintiff and others for space within organic search engine results and social media results, thereby jointly depriving Plaintiff of a valuable marketing and educational tool which would otherwise be available to Plaintiff and reducing the visibility of Plaintiff's genuine goods on the internet and across social media platforms.

**Response: Denied.**

147.    Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**Response: Denied.**

148.    Plaintiff has no adequate remedy at law and has sustained indivisible injury and damage caused by Defendants' concurrent conduct.

**Response: Denied.**

149.    Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits, and Plaintiff will continue to suffer irreparable injury to her goodwill and business reputation, as well as monetary damages.

**Response: Denied.**

## <u>COUNT IV – COMMON LAW TRADEMARK</u><br><u>INFRINGEMENT</u>

150.   Plaintiff incorporates the allegations of paragraphs 1 through 113 of this Complaint as if fully set forth herein.

**Response: Denied.**

151.   Plaintiff is the owner of all common law rights in and to the ANGELA JEAN Marks.

**Response: Denied.**

152.   Plaintiff was the first to use the ANGELA JEAN Marks.

**Response: Denied.**

153.   Plaintiff has used the ANGELA JEAN Marks since 2016.

**Response: Denied.**

154.   As a result of Plaintiff's widespread and continuous use in commerce, including her promotion and sales of products bearing or using the ANGELA JEAN Marks, the ANGELA JEAN Marks have become widely known.

**Response: Denied.**

155.   Defendants, with knowledge of and with the intentional disregard of Plaintiff's common law trademark rights, utilize one or more of the ANGELA JEAN Marks on and/or in conjunction with the

sale of their infringing products. Defendants' infringing activities have caused, are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods bearing or using one or more of the ANGELA JEAN Marks.

**Response: Denied.**

156.  Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

**Response: Denied.**

157.  Absent entry of an injunction by this Court, Defendants will continue to damage Plaintiff and wrongfully reap profits. Plaintiff will continue to suffer irreparable injury to her goodwill and business reputation, as well as monetary damages.

**Response: Denied.**

## COUNT V – VIOLATION OF GEORGIA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT (O.C.G.A. § 10-1-370 *et seq.*)

158.  Plaintiff incorporates the allegations of paragraphs 1 through 113 of this Complaint as if fully set forth herein.

**Response: Denied.**

159.  Defendants have engaged in acts violating Georgia law

including, but not limited to, using Plaintiff's Copyrighted Photographs to sell Defendant's Infringing Goods, including Copyrighted Photographs displaying one or more of Plaintiff's ANGELA JEAN Marks or removing Plaintiff's trademarks; causing a likelihood of confusion as to the source of the Infringing Goods, causing a likelihood of confusion as to an affiliation, connection, or association with genuine Plaintiff's products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion among the public.

**Response: Denied.**

160.   The foregoing acts constitute deceptive acts and unfair trade practices, in violation of the Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*

**Response: Denied.**

161.   Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage including but not limited to damage to her reputation and associated goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**Response: Denied.**

162. Plaintiff is entitled to recover her reasonable costs and attorneys' fees incurred in action.

**Response: Denied.**

### AFFIRMATIVE DEFENSES

1. Innocent Infringement: Defendant had no knowledge of Plaintiff's copyrights and acted innocently; any alleged use was without intent to infringe (17 U.S.C. § 504(c)(2) for potential damages reduction).

2. Lack of Substantial Similarity: The accused products are not substantially similar to the protectable elements of Plaintiff's copyrighted photographs.

3. Fair Use: To the extent any use occurred, it constitutes fair use under 17 U.S.C. § 107 (e.g., transformative or minimal commercial impact).

4. No Ongoing Infringement /Mootness: The accused product listing has been discontinued or removed from the Temu platform, rendering claims for injunctive relief moot and limiting any damages.

5. Invalidity or Unenforceability: Plaintiff's copyrights are invalid, unenforceable, or overly broad to the extent they claim protection over unoriginal or non-copyrightable elements (e.g., ideas, facts, or scenes a faire).

6. De Minimis Use: Any alleged copying was de minimis and not actionable.

Defendant reserves the right to assert additional affirmative defenses upon further investigation and discovery.

Dated: Jan. 6, 2026

Respectfully submitted,

/s/ Abena K Abayomi-Rogers
Abena K Abayomi-Rogers
Georgia Bar No. 315161
ICEE Law, LLC
1445 Woodmont Lane
Suite 3362
Atlanta, GA 30318
CourtComms@iceelaw.com
Ph: 470-574-0529
*Counsel for Defendants BooYou, SumMax and GodBal*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing pleading complies with this Court's rules concerning typographical presentation in that it is set in 14-point Times New Roman font.

*/s/ Abena K. Abayomi-Rogers*
Abena K. Abayomi-Rogers

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Abena K Abayomi-Rogers
Abena K Abayomi-Rogers